SELIM FRANKLIN, Respondent, v. THEODORE LE ROY,
Appellant.

No: 3504; November 6, 1873.

**Appeal—Specification of Error.—On Appeal from an Order De-
nying** a motion for a new trial, the court will not consider a point
as to which there is no specification in the statement on motion.

**Ejectment—Right of Mortgagee to Withhold Possession.—In**
an action of ejectment the defendant cannot withhold the possession
by proof of a mortgage to him, proceedings in foreclosure, judgment
not yet enforced by sale, and his holding under a stipulation so to
hold for a year, delaying the sale for so long to eke out the debt
from the profits, if possible, when the year has expired long since
and the statute of limitations intervened, and the plaintiff is not the
mortgagor.

**Mortgage Foreclosure.—An Order for the Sale of Mortgaged
Premises,** after proceedings had to foreclose the mortgage, may be
applied for only in the court which rendered the decree of foreclosure.

APPEAL from Fourth Judicial District, San Francisco.

Delos Lake and McCullough & Boyd for respondent; W. H.
Patterson for appellant.

RHODES, J.—This is an action of ejectment. The de-
fendants pleaded several defenses and filed a cross-complaint.
The court adjudged that the defendant Le Roy (the other
defendants being his tenants) take nothing by his cross-
complaint, and that the plaintiffs recover the possession of
the premises, etc. The defendant's claim to relief on his
cross-complaint is based on a state of facts substantially as
follows: Samuel Philips, being the owner of the premises,
mortgaged the same, together with other lands, to Le Roy
and Ritter, to secure the payment of a promissory note men-
tioned in the mortgage. The mortgage was foreclosed in the
district court of the twelfth judicial district on the fifth day
of March, 1859, and soon after the date of the decree the par-
ties thereto entered into a stipulation, by which it was agreed
that Le Roy should take charge of the premises, rent the same
and collect the rents, and apply the proceeds to the payment
of the judgment, after paying taxes, etc.; that the order of

sale upon the decree of foreclosure be stayed for the period of eighteen months from the date of the decree, and that if any portion of the judgment remained unpaid at the expiration of that time, an order of sale issue for the sale of the mortgaged premises. On the tenth day of September, 1860, another stipulation of the same character was entered into between the parties, by which it was, among other things, agreed that Le Roy should have the management of the premises, as provided in the first stipulation, and that the order of sale be stayed for the period of twelve months from the fifth day of September, 1860, and that if at the end of that time any portion of the judgment remained unpaid, an order of sale should be issued for the sale of the mortgaged property. It is alleged in the cross-complaint that in pursuance of those stipulations Le Roy entered into possession of the mortgaged premises, and has ever since continuously been in the possession thereof, and that there remains due on the decree, after the application of the rents, the sum of nineteen thousand two hundred and fifty-two dollars and nine cents. No order of sale was issued after the expiration of the time mentioned in the second stipulation. The plaintiffs acquired their title to the premises after the execution of the mortgage. Le Roy is the owner of the debt which was secured by the mortgage. There are other facts stated in the cross-complaint, but they have no bearing upon the questions we shall consider.

The prayer is that Le Roy be adjudged to be the owner in fee of the premises, and if such relief cannot be granted, that an order of sale be issued for the sale of the premises, for the satisfaction of the amount due to Le Roy on the decree of foreclosure.

The court having rendered judgment for the plaintiff for the possession of the premises and mesne profits, the defendant moved for a new trial, and assigned the following grounds: 1. That the court erred in not rendering judgment for the sale of the premises for the satisfaction of the defendant's judgment; and 2. That the court erred in holding and deciding that the remedy of the defendant to enforce payment of his judgment was barred by the statute of limitations.

The argument here has not been confined to the specifications, but has taken a wider range. The defendant's first point is, that if he was not in possession as trustee after the

expiration of the period mentioned in the second stipulation, with the right to retain the possession until his judgment was paid, then he was holding adversely, and his plea of the statute of limitations should have been sustained. Without entering into a consideration of the manner in which he held the possession, the obvious answer to the point is, that that defense is a legal defense, and the issue arising thereupon is an issue of fact; and that the question in respect to that issue, to be presented on the motion for a new trial, is whether the decision of that issue was justified by the evidence—that is, whether the evidence required a finding in his favor on that issue. There is no specification in the record which, even by a very liberal construction, will cover that ground.

The second point is that the contract evidenced by the stipulations above mentioned constituted "an express continuing trust" which was not affected by the statute of limitations and could not be terminated without payment of the debt; and the remaining point is that the evidence shows a sufficient acknowledgment of the debt to take the case out of the statute of limitations. The specifications are not sufficient to cover either of these points. But waiving that objection, it does not appear from those stipulations that the contract gave the control of the premises to the defendant beyond the periods mentioned in the stipulations. There is no evidence of a verbal agreement to the effect that the defendant should remain in possession of the premises until the debt was paid. Conceding that the defendant proved a sufficient acknowledgment of the debt to take it out of the statute, it does not follow that the defendant is entitled to relief in this action. There being no sufficient agreement entitling him to the possession of the premises, the only relief he could claim would be an order for the sale of the premises. That order should be applied for in the court which rendered the decree of foreclosure. No case is brought to our notice holding the contrary doctrine.

The granting of an order for the sale of the premises would not preclude a recovery of the possession by the plaintiffs founded on their legal title. They might be entitled to the possession, while the defendant was entitled to an order of sale, and they would not be disturbed in their possession until the sale had been made and a deed executed in pursuance of

the sale. The defendant's right to an order of sale is not inconsistent with the plaintiff's right to the possession of the mortgaged premises. The defendant in an action of ejectment is not entitled to any relief upon his cross-complaint, as against the plaintiff, unless the relief, when granted, would preclude the plaintiff, to some extent, from a recovery upon his cause of action, or some portion of it; and if the cross-complaint does not state facts which entitle the defendant to such relief, it should be dismissed.

Judgment and order affirmed.

We concur: Wallace, C. J.; Niles, J.; Belcher, J.; Crockett, J.